UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ZULEIKA PEREZ,

              Plaintiff,

    v.

CAMDEN COUNTY JAIL and
CAMDEN COUNTY,

            Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-07504 (JBS-AMD)

**OPINION**

APPEARANCES

Zuleika Perez, Plaintiff Pro Se
1236 Mechanic Street
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

1.    Plaintiff Zuleika Perez seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ") and Camden County ("the County") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.    28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

1

subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.   For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCJ; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.   First, the Complaint must be dismissed with prejudice as to claims made against CCJ because defendant is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

5.   Second, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

6.   The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

7.    To survive *sua sponte* screening for failure to state a claim[1], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

8.   With respect to the alleged facts giving rise to Plaintiff's claims, the Complaint states: "Plenty of occasions I was in a two man room with up to 5 people [and] told to sleep on a mat on a floor next to a toilet, or next to the door having to be stepped over every time a correctional officer came in." Complaint § III(C).

9.   Plaintiff states that these events occurred: "3/1/2014[;] 10/13/2015 'ten days.'" *Id*. § III(B).

10.   Plaintiff does not identify or otherwise describe any injury sustained in connection with the alleged events. *Id*. § IV ("n/a").

11.   Plaintiff seeks "the highest amount possible." *Id*. § V.

12.   Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

13.   The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*,

488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them.").

14.   In the event Plaintiff files an amended complaint, Plaintiff should include specific facts, such as the dates and length of confinement, whether Plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, and any other relevant facts regarding the conditions of confinement.

15.   Furthermore, Plaintiff has not pled sufficient facts to impose liability on Camden County. "There is no *respondeat superior* theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the actions of its

agents. Rather, a municipality may be held liable only if its policy or custom is the 'moving force' behind a constitutional violation." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 691 (1978)). *See also Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992) ("The city is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer.").

16.  Plaintiff must plead facts showing that the relevant Camden County policy-makers are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[2] In other words, Plaintiff must set forth facts supporting an inference that the County itself was the "moving force" behind the alleged constitutional violation. *Monell*, 436 U.S. at 689.

---

[2] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).

17.  As Plaintiff may be able to amend the Complaint to
address the deficiencies noted by the Court, the Court shall
grant Plaintiff leave to amend the Complaint within 30 days of
the date of this order.

18.  Plaintiff should note that when an amended complaint
is filed,[3] the original complaint no longer performs any function
in the case and cannot be utilized to cure defects in the
amended complaint, unless the relevant portion is specifically
incorporated in the new complaint. 6 Wright, Miller & Kane,
Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes
omitted). An amended complaint may adopt some or all of the
allegations in the original complaint, but the identification of
the particular allegations to be adopted[4] must be clear and

_____

[3] The amended complaint shall be subject to screening prior to
service.
[4] To the extent the Complaint seeks relief for conditions
Plaintiff encountered prior to October 18, 2014, those claims
are barred by the statute of limitations. Claims brought under §
1983 are governed by New Jersey's two-year limitations period
for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276
(1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir.
2010). "Under federal law, a cause of action accrues when the
plaintiff knew or should have known of the injury upon which the
action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d
472, 480 (3d Cir. 2014). The allegedly unconstitutional
conditions of confinement would have been immediately apparent
to Plaintiff; therefore, the statute of limitations on some of
Plaintiff's claims expired two years after release from
incarceration. In the event Plaintiff elects to file an amended
complaint, it should be limited to confinements in which
Plaintiff was released after October 18, 2014.

explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

19.  For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

20.  An appropriate order follows.

**February 27, 2017**          **s/ Jerome B. Simandle**
Date                           JEROME B. SIMANDLE
                               Chief U.S. District Judge

2